UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GAYLE A. JOHNSON, | : | |
| | : | |
| Plaintiff/Counterclaim Defendant/ Third-Party Plaintiff, | : | Case No. 3:18-cv-185 |
| | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA DEPARTMENT OF TREASURY (INTERNAL REVENUE SERVICE), | : | |
| | : | |
| Defendant/Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AKIL R. SHARIF, | : | |
| | : | |
| Counterclaim Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| DAY-MONT BEHAVIORAL HEALTH CARE INC., | : | |
| | : | |
| Third-Party Defendant. | : | |

___

**ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, THIRD-PARTY PLAINTIFF GAYLE A. JOHNSON'S MOTION FOR DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANT, DAY-MONT BEHAVIORAL HEALTH CARE INC. (DOC. 44)**

___

This civil action is before the Court on the Motion for Default Judgment Against Third Party Defendant, Day-Mont Behavioral Health Care Inc. (Doc. 44) (the "Motion"), filed by Plaintiff/Counterclaim Defendant/Third-Party Plaintiff Gayle A. Johnson ("Johnson"). In the Motion, Johnson asks that the Court issue an order of default judgment against Third-Party Defendant Day-Mont Behavioral Health Care Inc. ("Day-Mont"). However, Johnson has skipped

1

a necessary step in the process for obtaining a default judgment under Federal Rule of Civil Procedure 55.

To obtain a default judgment against a party pursuant to Rule 55, there must first be an entry of default regarding that party made by the Clerk. Fed. R. Civ. P. 55(a), (b); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is … the first procedural step on the road to obtaining a default judgment"); *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("an entry of default is a prerequisite to a default judgment," such that "a default judgment cannot be granted until a default is entered by the Clerk"); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed.) ("[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). "An entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys.*, 220 F.R.D. at 304.

Here, there is no default entered against Day-Mont. Based on a review of the docket entries in this civil action, it does not appear that Johnson has ever applied to the Clerk for entry of a default against Day-Mont. Therefore, the Motion is premature. *Ramada Franchise Sys.*, 220 F.R.D. at 305. The Court does not express any opinion as to whether Johnson is entitled to an entry of default or subsequent default judgment against Day-Mont. *See, e.g., Methe v. Amazon.com.dedc, LLC*, No. 1:17-cv-749, 2019 U.S. Dist. LEXIS 116916, 2019 WL 3082329, at *1-2 (S.D. Ohio July 15, 2019) (setting forth a framework for consideration of a motion for default judgment).

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** the Motion for Default Judgment Against Third-Party Defendant, Day-Mont Behavioral Health Care Inc.

(Doc. 44).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, January 12, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE