UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GAYLE A. JOHNSON, | : | |
| | : | |
| Plaintiff/Counterclaim Defendant/ Third-Party Plaintiff, | : : | Case No. 3:18-cv-185 |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA DEPARTMENT OF TREASURY (INTERNAL REVENUE SERVICE), | : : : : | |
| | : | |
| Defendant/Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AKIL R. SHARIF, | : | |
| | : | |
| Counterclaim Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| DAY-MONT BEHAVIORAL HEALTH CARE INC., | : : | |
| | : | |
| Third-Party Defendant. | : | |

**ENTRY AND ORDER GRANTING THIRD-PARTY PLAINTIFF GAYLE A. JOHNSON'S MOTION FOR DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANT, DAY-MONT BEHAVIORAL HEALTH CARE INC. (DOC. 54); ENTERING DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANT DAY-MONT BEHAVIORAL HEALTH CARE INC.; AND DIRECTING THE CLERK OF COURT TO TERMINATE THIS CASE**

This case is before the Court on the Motion for Default Judgment Against Third Party Defendant, Day-Mont Behavioral Health Care, Inc. Pursuant to Federal Rule of Civil Procedure 55 (Doc. 54) (the "Motion"), filed by Third-Party Plaintiff Gayle A. Johnson ("Johnson"). In the Motion, Johnson asks the Court to issue a default judgment against Third-Party Defendant Day-

1

Mont Behavioral Health Care Inc. ("Day-Mont") "for indemnification and/or contribution in connection with the Counterclaim filed" against Johnson. (Doc. 54 at PageID 1817.) More specifically, Johnson asks the Court to enter a default judgment against Day-Mont in the amount of the March 2, 2021 final judgment entered against Johnson on the Counterclaim: "$608,093.84 as of January 22, 2021 plus statutory additions and interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) from said date." (Doc. 53 (Final Judgment Against Gayle Johnson and Akil Sharif); Doc. 54 at PageID 1818.) Day-Mont did not file a response to the Motion, and the time to do so has now passed. *See* S.D. Ohio Civ. R. 7.2(a). Accordingly, the Motion is ripe for decision. For the reasons discussed below, the Court grants the Motion, enters a default judgment against Day-Mont as specified below, and directs the Clerk of Court to terminate this case.

## I.  BACKGROUND

On May 25, 2018, Johnson filed a Complaint against the United States of America Department of Treasury (Internal Revenue Service) (the "IRS") concerning employment taxes and penalties allegedly assessed against Day-Mont but paid by Johnson. (Doc. 1.) In addition to answering the Complaint, the IRS filed a Counterclaim against Johnson and another person, Akil R. Sharif ("Sharif"). (Doc. 10.) After initially responding to the Counterclaim, Johnson filed a joint Amended Reply to the Counterclaim and Third-Party Complaint against Day-Mont on September 17, 2019. (Docs. 13, 27.) Despite being served with a summons and copy of the Third-Party Complaint, Day-Mont failed to file a responsive pleading or otherwise defend against the Third-Party Complaint. On February 25, 2021, the Clerk of Court entered a Default against Day-Mont, in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 50.)

The Third-Party Complaint states that Day-Mont previously employed Johnson and that

Johnson acted as its president until she resigned in August of 2016.  (Doc. 27 at PageID 114.)  During Johnson's employment with Day-Mont, Day-Mont accrued significant unpaid employment tax obligations to the IRS that remained unpaid.  (*Id.* at PageID 115.)  In its Counterclaim, the IRS alleged that Johnson was a responsible party of Day-Mont with respect to certain unpaid employment tax obligations.  (*Id.*; *see also* Doc. 10.)  Johnson and Day-Mont had entered into a written agreement—a copy of which is attached to the Third-Party Complaint—on February 3, 2017, after Day-Mont accrued the unpaid employment tax obligations but prior to commencement of this case.  (Doc. 27 at PageID 115; Doc. 27-1.)  That agreement includes this provision:

> Day-Mont will indemnify and hold Johnson harmless from any and all third-party claims, including without limitation, claims by … the Internal Revenue Service, asserted against Johnson in connection with her employment by Day-Mont, including costs and expenses, including attorney fees, in connection with such claims.

(Doc. 27-1 at PageID 118.)  In the Third-Party Complaint, Johnson's claim against Day-Mont is "for indemnification and/or contribution in connection with the Counterclaim" filed by the IRS, in accordance with the written agreement between Johnson and Day-Mont.  (Doc. 27 at PageID 116.)

On March 2, 2021, the Court entered a Final Judgment against Johnson and Sharif regarding the IRS's Counterclaim.  (Doc. 53.)  That Final Judgment states:  "Counterclaim defendant Gayle Johnson is liable to the United States in the amount of $608,093.84 as of January 22, 2021, plus statutory additions and interest pursuant to 26 U.S.C. § 6601, 6621, 6622 and 28 U.S.C. § 1961(c) from that date, for the unpaid liabilities assessed pursuant to 26 U.S.C. § 6672 for the periods ending March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, and September 30, 2016."  (*Id.* at PageID 1815.)  Johnson then filed the Motion.  (Doc. 54.)

**II.  ANALYSIS**

Federal Rule of Civil Procedure 55 addresses defaults and default judgments.  Although

3

strong public policy favors resolving disputes on the merits, Rule 55 allows for entry of default judgment in certain situations to protect parties from undue delay or harassment. Fed. R. Civ. P. 55; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (trials on the merits are favored in federal courts); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) ("the basic purpose of the default judgment is to protect parties from undue delay-harassment"); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2681 (4th ed.) (explaining that the policy reasons for allowing default judgments include that the diligent party should be protected from endless delay and uncertainty as to its rights, although trials on the merits are encouraged and defaults are not favored by the law). A third-party defendant who has defaulted is deemed to have admitted liability and conceded the truth of the well-pleaded factual allegations in the third-party complaint. Fed. R. Civ. P. 8(b)(6) ("[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); *In re Family Resorts of Am.*, No. 91-4127, 972 F.2d 347 (table), 1992 WL 174539, at *4 (6th Cir. July 24, 1992) ("[u]pon entry of default, only those well-pleaded allegations relating to liability are taken as true"); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (1995) ("[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved"). After default has been entered against a party, the Court may enter default judgment against that party with or without holding a hearing. Fed. R. Civ. P. 55(b); *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

      The Court finds that there is no need for a hearing in this case. Day-Mont defaulted. (Doc. 50.) Due to the default, Day-Mont conceded that it entered into a written agreement with Johnson prior to initiation of this case. (Doc. 27 at PageID 115; Doc. 27-1.) Among the terms of that

agreement are that Day-Mont will "indemnify and hold Johnson harmless" from claims made by a third-party—specifically including the IRS—against Johnson in connection with her employment by Day-Mont. (Doc. 27-1 at PageID 118.)  The IRS's Counterclaim against Johnson qualifies as such a claim.  (*See* Doc. 10.)  The Court entered final judgment against Johnson on that counterclaim on March 2, 2021 through the Final Judgment Against Gayle Johnson and Akil Sharif (Doc. 53).  Based on documentary evidence, the Court can determine the amount that Johnson claims against Day-Mont in the Third-Party Complaint and the Motion.  It is the amount of the judgment against Johnson contained in the March 2, 2021 Final Judgment Against Gayle Johnson and Akil Sharif (Doc. 53): "$608,093.84 as of January 22, 2021 plus statutory additions and interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) from said date." (Doc. 53.)

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Johnson's Motion for Default Judgment Against Third Party Defendant, Day-Mont Behavioral Health Care, Inc. Pursuant to Federal Rule of Civil Procedure 55 (Doc. 54).  The Court also **ENTERS** a default judgment, pursuant to Federal Rule of Civil Procedure 55, against Third-Party Defendant Day-Mont Behavioral Health Care Inc. on Johnson's Third-Party Complaint (Doc. 27 at PageID 114-116) in the amount of $608,093.84 as of January 22, 2021 plus statutory additions and interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) from said date.  Finally, because this order disposes of the last remaining claim in the case, the Court directs the Clerk of Court to **TERMINATE** this case.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 2, 2021.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE